JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE LIVELY,<br><br>    Movant,<br>v.<br>SOURCED INTELLIGENCE, LLC,<br><br>    Respondent. | No. 2:25-mc-00086-FLA-AJR<br><br>**MEMORANDUM DECISION AND ORDER TRANSFERRING MOTION TO COMPEL TO THE SOUTHERN DISTRICT OF NEW YORK (DKTS. 1, 11)** |

## I.
## INTRODUCTION

This is a miscellaneous case initiated in this district on August 22, 2025 by Movant Blake Lively ("Movant") through the filing of a Motion to Compel Respondent to Comply with Third-Party Subpoena (the "Motion to Compel"). (Dkt. 1.) The Motion to Compel seeks to compel Respondent Sourced Intelligence, LLC ("Respondent") to produce documents and information in response to a subpoena arising out of the U.S. District Court for the Southern District of New York, Case No. 1:24-cv-10049-LJL (the "New York Action"). (Dkt. 1-1 at 7-10.) The Motion to Compel was filed as a joint stipulation in accordance with Local Rule 37-2. (Id. at 7-12.) Movant contends that Respondent has "wholesale refused to produce any

documents, citing broad-sweeping claims of attorney-client privilege and the work-product doctrine." (Id. at 9.) Movant further contends that Respondent "refused to produce a privilege log." (Id.) Respondent contends that essentially all of its work is protected by either the attorney-client privilege or the work-product doctrine. (Id. at 10.) Respondent further contends that it is not required to produce a privilege log because all responsive "documents were created after [Movant] filed her complaint." (Id. at 11.)

However, before reaching the merits, Movant contends that this Court should transfer the Motion to Compel to the Southern District of New York because there are "exceptional circumstances" to do so. (Id. at 12.) Respondent does not consent to transfer and contends that Movant has not met her burden to establish the existence of exceptional circumstances to support transfer of the Motion to Compel. (Id. at 23.) On August 29, 2025, Movant filed a Supplemental Memorandum of Law in Support of the Motion to Compel (the "Supplemental Memorandum") arguing that the judge presiding over the New York Action, U.S. District Judge Lewis J. Liman, had recently issued a discovery order (the "Discovery Order") that is relevant to and rejects many of the arguments Respondent is advancing in opposition to the Motion to Compel. (Dkt. 11.)

On September 2, 2025, the Court held an informal discovery conference to discuss the Motion to Compel generally and the parties' views on potential transfer of the motion to the Southern District of New York in particular. (Dkt. 12.) At the conclusion of the hearing, the Court advised the parties that it would take the motion under submission and issue a ruling shortly. For the reasons set forth below, the Court concludes that Movant has met her burden to show that exceptional circumstances justify transfer of the Motion to Compel to the Southern District of New York.

## II.
## LEGAL STANDARD

A third party subject to a subpoena may challenge the subpoena in the district where compliance is required. See Fed. R. Civ. P. 45(d). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes for the 2013 Amendment explain that "[i]n the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present." The Advisory Committee Notes go on to explain as follows:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 Advisory Committee Notes for 2013 Amendment.

In assessing the existence of exceptional circumstances under Rule 45(f), courts have considered a number of factors relating to the underlying litigation including the "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." Jud. Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014) (collecting cases); accord E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015). Accordingly, the question before the Court "involves a balancing test—whether the circumstances favoring transfer outweigh the interests of the nonparty served with the subpoena in

obtaining local resolution of the motion." Valle del Sol, Inc. v. Kobach, 2014 WL 3818490, at *3 (D. Kan. Aug. 4, 2014); accord Le v. Zuffa, LLC, 2017 WL 11632246, at *2 (C.D. Cal. Mar. 17, 2017); Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC, 2016 WL 593546, at *3 (D. Nev. Feb. 12, 2016).

## III.
## DISCUSSION

This is not the first time this Court has considered whether to transfer a discovery dispute arising out of the New York Action to the Southern District of New York. (See Case No. 2:25-mc-00053-MWC-AJR.) On July 7, 2025, the Court transferred a motion to quash a subpoena issued by Ms. Lively seeking documents and information from the law firm Liner Freedman Taitelman + Cooley, LLP. (Case No. 2:25-mc-00053-MWC-AJR, Dkt. 20.) The Court found the existence of exceptional circumstances justifying transfer to the Southern District of New York based on the likelihood of inconsistent rulings, as well as judicial economy and efficiency. (Id. at 4.) The Court weighed the law firm's interest in local resolution of the motion to quash against the exceptional circumstances justifying transfer and found that there was simply no burden on the law firm from being forced to litigate the motion to quash in the Southern District of New York. (Id. at 4-5.) Accordingly, the Court concluded that the exceptional circumstances justifying transfer of the motion to quash easily outweighed the non-existent burden on the law firm. (Id. at 5.)

Following the Court's transfer of the motion to quash to the Southern District of New York, Judge Liman granted in part and denied in part the motion. (S.D.N.Y. Case No. 1:25-mc-00289-LJL, Dkt. 35.) Specifically, Judge Liman denied the motion as to Requests 1 through 4, except with respect to engagement letters that the law firm had to represent Content Creators as clients in legal matters other than the New York Action. (Id. at 10.) Judge Liman reasoned that although it may be

relevant whether the Content Creators have a relationship with the law firm, the precise terms of the engagements were not particularly relevant and information about the relationship between the law firm and the Content Creators could be obtained in other ways.  (Id. at 10-11.)  Judge Liman then quashed the subpoena as to Requests 5 and 6 because he determined that these requests risked encroaching on the attorney-client privilege and work-product doctrine.  (Id. at 11.)  Instead of seeking these documents from the law firm, Judge Liman directed Ms. Lively to first seek these documents through party discovery and granted Ms. Lively leave to seek reconsideration of the ruling at a later date, if necessary.  (Id. at 12-14.)  Finally, Judge Liman quashed the subpoena as to Requests 7 and 8 because the relevance of the requested communications was uncertain and the requests presented a clear risk of encountering privilege and work-product issues.  (Id. at 16-17.)

The Court provides this background on the prior motion to quash because it is relevant to the Court's analysis of whether to transfer the instant Motion to Compel.  Ultimately, the Court concludes that the analysis of the instant Motion to Compel is largely unchanged from the analysis of the prior motion to quash.  Indeed, the Court has considered the factors outlined above related to the New York Action and concludes that Movant has met her burden to show that exceptional circumstances justify transfer of the Motion to Compel to the Southern District of New York.

As an initial matter, the New York Action from which the subpoena at issue arises dates back to December 31, 2024 and has been heavily litigated over the past nine months.  (See S.D.N.Y. Case No. 1:24-cv-10049.)  The current Fact Discovery Cut-Off is September 30, 2025 and the parties were required to complete their document productions in response to currently outstanding discovery by July 25, 2025.  (See S.D.N.Y. Case No. 1:24-cv-10049, Dkt. 425.)  The presiding judge has ruled on a wide variety of discovery motions including subpoenas to third parties. (See S.D.N.Y. Case No. 1:24-cv-10049, Dkts. 216, 266, 284, 303, 339, 341, 355, 357, 711; S.D.N.Y. Case No. 1:25-mc-00289-LJL, Dkt. 35.)  These prior discovery

rulings by the issuing court create an exceptionally high risk that any ruling by this Court on the issues raised in the Motion to Compel would interfere with the presiding judge's management of the New York Action.  See, e.g., E4 Strategic Sols., Inc., 2015 WL 12746706, at *3 (finding exceptional circumstances to transfer motion to quash to the issuing court based on high likelihood of inconsistent rulings and citing cases).

The Court is particularly concerned about ruling in a manner that is inconsistent with Judge Liman's resolution of the prior motion to quash, as well as Judge Liman's recent Discovery Order dated August 27, 2025.  As set forth above, the prior motion to quash involved issues of attorney-client privilege and the work-product doctrine because Ms. Lively sought documents and communications from a law firm that is counsel of record in the action, Liner Freedman Taitelman + Cooley, LLP.  (S.D.N.Y. Case No. 1:25-mc-00289-LJL, Dkt. 35.)  The subpoena at issue in the Motion to Compel raises similar issues because it seeks documents and communications from a private investigative firm that was engaged by Liner Freedman Taitelman + Cooley, LLP and performed investigative services at the direction of the law firm.  (Dkt. 1-1 at 10.)

The subpoena at issue in the Motion to Compel also raises similar issues to those addressed by Judge Liman in the August 27, 2025 Discovery Order.  For example, Respondent contends that it should not be required to produce responsive documents that post-date the filling of the Complaint on December 31, 2024 because all such documents are privileged.  (Id. at 19-20.)  Respondent further contends that it should not be required to produce a privilege log for any responsive document that post-dates the filing of the Complaint.  (Id. at 21-22.)  However, the August 27, 2025 Discovery Order determined that the Wayfarer Parties were required to produce responsive documents through February 18, 2025, the date of the operative Amended Complaint. (Dkt. 11-1 at 12.)  The Discovery Order further determined that the Wayfarer Parties were required to produce a categorical

privilege log for responsive documents that post-dated the filing of the initial Complaint.  (Id. at 13.)

Thus, the Court concludes that issues addressed in these two prior rulings by Judge Liman may apply to the instant Motion to Quash.  Therefore, the Court also finds the existence of exceptional circumstances justifying transfer to the Southern District of New York based on judicial economy and efficiency.  See, e.g., Helping Hand Caregivers Ltd. v. Darden Corp., 2016 WL 10987313, at *2 (C.D. Cal. Feb. 17, 2016) (finding exceptional circumstances to transfer motion to quash to the issuing court based on judicial economy and citing cases).

The Court must now weigh Respondent's interest in local resolution of the Motion to Compel against the exceptional circumstances set forth above that justify transfer to the issuing court.  See, e.g., Le, 2017 WL 11632246, at *2 ("Although the Advisory Committee makes clear that the prime concern is consideration of the burdens on local nonparties subject to the subpoena, those burdens must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." (internal quotation marks omitted)).  However, Respondent has failed to articulate anything more than a slight burden from being required to litigate the Motion to Compel before the issuing court.  (Dkt. 1-1 at 24.)  For example, Respondent notes that it "does not maintain an office in New York and has an interest in having its local court decide the motion." (Id. n.10.)  But Respondent is also represented with regard to the Motion to Compel by counsel of record in the New York Action, Liner Freedman Taitelman + Cooley, LLP.  This law firm is lead counsel for the Wayfarer Parties and regularly appears in the New York Action.  When the Court asked counsel for Respondent what the burden was of having to litigate the Motion to Compel in the Southern District of New York, the most that counsel could offer was the potential cost of counsel possibly being required to appear for an in-person hearing in the Southern District.

Given that attorneys from Liner Freedman Taitelman + Cooley, LLP regularly

7

appear before Judge Liman in the New York Action, the possibility that one such attorney might be required to appear for an in-person hearing to litigate the Motion to Compel is a slight burden indeed. See, e.g., 3B Medical, Inc. v. Resmed Corp., 2016 WL 6818953, *4 (S.D. Cal. Oct. 11, 2016) (finding no burden on third party where same attorneys represented third party and defendant); Argento v. Sylvania Lighting Servs. Corp., 2015 WL 4918065, at *6 (D. Nev. Aug. 18, 2015) ("Moreover, absent unusual circumstances, the cost of litigation alone does not constitute an unfair burden.").

In sum, the exceptional circumstances justifying transfer of the Motion to Compel to the issuing court easily outweigh the slight burden on Respondent. Thus, the Court concludes that the Motion to Compel must be transferred to the Southern District of New York for resolution by the judge presiding over the New York Action. See Fed. R. Civ. P. 45(f).

## IV.
## ORDER

Based on the foregoing, pursuant to Federal Rule of Civil Procedure 45(f), it is hereby Ordered that the Clerk of this Court transfer the Motion to Compel (Dkt. 1) and the Supplemental Memorandum (Dkt. 11) to the U.S. District Court for the Southern District of New York, Case No. 1:24-cv-10049. See, e.g., In re U.S. Dep't of Educ., 25 F.4th 692, 699 (9th Cir. 2022) ("The order here merely transferred the action to another federal court and did not affect the viability of a claim or defense or the federal appellate courts' ability to correct errors. Thus, the transfer order was nondispositive, and the magistrate judge had jurisdiction to enter it.").

\\

\\

     Because the action before this Court is a miscellaneous case initiated by the Motion to Compel, the Court directs the Clerk of Court to administratively close the action in the Central District of California.

     IT IS SO ORDERED.

DATED:  September 4, 2025

                                    HON. A. JOEL RICHLIN
                              UNITED STATES MAGISTRATE JUDGE