# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

September 17, 2025

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: *Lively v. Sourced Intelligence, LLC*, No. 1:25-mc-00398-LJL

Dear Judge Liman:

The parties submit this joint letter pursuant to the Court's September 15, 2025 order (the "Order") (Dkt. No. 15) to address the Court's prior orders issued in *Lively v. The Skyline Agency LLC*, No. 25-mc-347, Dkt. No. 31 (S.D.N.Y. Sept. 3, 2025) (the "Skyline Order") & *Lively v. Wayfarer Studios*, No. 24-cv-10049, Dkt. No. 749 (S.D.N.Y. Sept. 9, 2025) (the "Wayfarer Order").

**Plaintiff Blake Lively's Position**

The Skyline and Wayfarer Orders illuminate why Sourced Intelligence, LLC ("Sourced Intelligence") must be compelled to comply with Ms. Lively's document subpoena, Dkt. No. 1. ***First***, the Orders leave no doubt that communications about a media campaign—as opposed to the underlying litigation itself—are ***not*** protected by the attorney-client privilege or the work product doctrine. (Skyline Order pp. 10-11, Wayfarer Order pp. 10-12.) Rather, those communications are only privileged and/or protected if they are made for the purpose of obtaining legal advice. (Skyline Order pp. 10-11, Wayfarer Order pp. 10-12.) Moreover, the party claiming privilege or protection has the burden of proving it. (Skyline Order p. 6, Wayfarer Order pp. 4-6.)

Here, Ms. Lively alleges that Defendants Wayfarer Studios LLC, and certain of its executives, affiliated entitles, and public relations professional (together, "the Wayfarer Parties") engaged in a retaliatory online smear campaign that began during filming and promotion of the film *It Ends With Us*, **and continues to this day**. Sourced Intelligence markets itself as a company that specializes in "reputation management" and touts "a comprehensive scope of identity management services." (*See* https://sourcedintelligence.com/solutions/.) Sourced Intelligence admits that it provided "investigative services" to the Wayfarer Parties beginning in December 2024, and further admits that Sourced Intelligence communicated with "personnel working for" Liner Friedman Taitelman + Cooley LLP ("Liner"), counsel for the Wayfarer Parties, during that time. (Dkt No. 1-11 (Declaration of Alexander Fiel ("Fiel Decl."), ¶¶ 2, 4, 5.) Far from establishing any privilege or protection, these admissions suggest that Sourced Intelligence may have been engaged in the same type of online activity this Court has already held is not privileged or protected. Indeed, Sourced Intelligence admits that it was conducting these activities while the Wayfarer Parties were engaged

in the alleged smear campaign. (*See id.*, ¶ 2.) And Sourced Intelligence's own sworn testimony indicates that "investigative services" constituted only a "part" of its engagement. (*Id.* ¶ 5.) Thus, to the extent the Sourced Intelligence documents "sound[] in public relations advice" (Wayfarer Order p. 9; *see also* p. 13) or "contain a mixture of legal strategizing and public relations advice" related to the alleged smear campaign or otherwise (Wayfarer Order p. 12), those communications are not privileged or protected and must be produced.

***Second***, without any documents reflecting the terms of Sourced Intelligence's engagement, invoices describing its services, or even a privilege log, Ms. Lively cannot begin to determine whether any privilege or protection applies or has been waived, *i.e.*, if any of Sourced Intelligence's communications do not include attorneys, or if any of its communications with Liner include third parties that fall outside any privilege. (*See* Wayfarer Order pp. 9-12, Skyline Order p. 9.) Sourced Intelligence's declaration does not remotely allay these concerns, merely representing that "[a]ll communications responsive to the subpoena were with personnel ***working for [Liner]*** only." (Dkt. No. 1-11, Fiel Decl., ¶ 4) (emphasis added). Given Liner and the Wayfarer Parties' expansive views of privilege and protection—many of which the Court has already rejected, including in the Skyline and Wayfarer Orders—these representations are insufficient. The Court should order Sourced Intelligence to produce the requested documents and provide a detailed privilege log[1] in the same form provided by the Wayfarer Parties in connection with the Katherine Case and Breanna Koslow motion for reconsideration (Dkt. No. 784-1), followed by *in camera* review of contested documents.

### Sourced Intelligence's Position

The Court's recent decisions in *Lively v. The Skyline Agency, LLC*, Dkt. No 31("Skyline Order") and *Lively v. Wayfarer Studios*, Dkt. No. 749 ("Koslow Order") do not resolve the issues presented in Lively's current motion but are helpful in noting the distinguishing characteristics of the subpoenas. In the Skyline Order, the Court solely analyzed the issue of attorney-client privilege and held that the inclusion of attorneys on communications between Skyline and the Wayfarer Parties was "incidental, as the same communications would have taken place without them." Dkt. 31 at 7. Here, Sourced Intelligence only communicated with Liner personnel and only prepared investigative reports at the direction of counsel. Declaration of Alexander Feil ("Feil Decl.") ¶ 4, 6. In other words, attorney involvement was not incidental as the communications and reports would not have occurred without the Wayfarer attorneys. The Skyline Order also did not address claims of work product.

---

[1] On Monday night, the Wayfarer Parties produced a "categorical" privilege log of their alleged Signal communications. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. A, attached hereto. This stands in stark contrast to their privilege log at Dkt. No. 784-1, which follows the example of the Court's privilege analysis and identifies privileged communications by individual document, and even portions of communications within a document.

manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

The Koslow Order noted 5 different categories of withheld documents:

1. Documents with a family member attorney which was not made for the purpose of obtaining legal advice – that issue is not present here.
2. Communications not including counsel – all responsive communications here were between Sourced Intelligence and Liner personnel only. Feil Decl. ¶ 4.
3. Privileged communications that have been waived - Sourced Intelligence's communications with counsel have not been disclosed to any third parties.
4. Documents withheld as work-product – The Koslow Order held that the withheld communications were a mixture of legal strategizing and public relations advice. Here, Sourced Intelligence did not provide advice but rather performed investigative services at the direction of counsel. The services performed, and not performed, are detailed in the Declaration of Alexander Feil. Feil Decl., ¶¶ 5-8
5. Communications between clients and attorneys – The Court held that some communications were privileged while others were made for the purpose of public relations advice. Sourced Intelligence has filed a declaration describing its communications with counsel and work-product it prepared at the direction of counsel. Feil Decl., ¶¶ 4-9.

Lively has not identified a single fact that indicates Sourced Intelligence was involved in any "media campaign". Indeed, the Feil Declaration shows otherwise. Feil Decl., ¶¶ 7-8. Sourced Intelligence's portion of the joint stipulation addresses why it should not be required to prepare a privilege log based on pure speculation by Lively and the Court's recent orders do not resolve that issue. Sourced Intelligence is different than Skyline or Koslow because it is an investigative firm performing investigative services at the direction of counsel. Disclosure of communications with counsel and work-product eviscerates the privileges that go to the heart of the policy allowing confidential and open communication with attorneys. The Court should deny Lively's motion.

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

Respectfully submitted,

/s/ *Esra A. Hudson*

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP | MANATT, PHELPS & PHILLIPS, LLP |
| Michael J. Gottlieb | Esra A. Hudson (admitted *pro hac vice*) |
| Kristin E. Bender | Stephanie A. Roeser (admitted *pro hac vice*) |
| 1875 K Street NW | Sarah E. Moses (admitted *pro hac vice*) |
| Washington, DC 20006 | 2049 Century Park East, Suite 1700 |
| (202) 303-1000 | Los Angeles, CA 90067 |
| E-mail: mgottlieb@willkie.com | (310) 312-4000 |
| kbender@willkie.com | ehudson@manatt.com |
| | sroeser@manatt.com |
| Aaron Nathan | smoses@manatt.com |
| Willkie Farr & Gallagher LLP | |
| 787 7th Avenue New York, NY 10019 | Matthew F. Bruno |
| (212) 728-8000 | 7 Times Sq. |
| E-mail: anathan@willkie.com | New York, NY 10036 |
| | (212) 790-4500 |
| | mbruno@manatt.com |
| DUNN ISAACSON RHEE LLP | |
| Meryl C. Governski (admitted *pro hac vice*) | *Attorneys for Blake Lively* |
| 401 Ninth Street, NW | |
| Washington, DC 20004 | |
| (202) 240-2900 | |
| E-mail: mgovernski@dirllp.com | |

/s/ *Amir Kaltgrad*

| | |
|---|---|
| MEISTER SEELIG & FEIN PLLC | LINER FREEDMAN TAITELMAN + COOLEY, LLP |
| Kevin Fritz | Amir Kaltgrad (admitted *pro hac vice*) |
| 125 Park Avenue, 7th Floor | 1801 Century Park West, 5th Floor |
| New York, NY 10017 | Los Angeles, California 90067 |
| Tel: (212) 655-3500 | Tel: (310) 201-0005 |
| Email: kaf@msf-law.com | Fax: (310) 201-0045 |
| | Email: akaltgrad@lftcllp.com |
| | |
| | *Attorneys for Respondent Sourced Intelligence, LLC* |