```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
BLAKE LIVELY,                                                    :
                                                                 :
                              Movant,                            :
                                                                 :         25-mc-398 (LJL)
            -v-                                                  :
                                                                 :         MEMORANDUM AND
SOURCED INTELLIGENCE, LLC,                                       :             ORDER
                                                                 :
                              Respondent.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2025

LEWIS J. LIMAN, United States District Judge:

Movant-Plaintiff Blake Lively ("Lively") has filed a motion, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), seeking an order compelling Respondent Sourced Intelligence, LLC ("Sourced Intelligence") to comply with a third-party subpoena (the "Subpoena") issued on June 13, 2025. Dkt. No. 1. The motion to compel was originally filed in the United States District Court for the Central District of California, the district where compliance is required. Dkt. No. 1-4. On September 4, 2025, Magistrate Judge A. Joel Richlin issued a memorandum decision and order transferring the motion to this District. Dkt. No. 13. On September 15, 2025, the case was transferred to this Court. Dkt. No. 14. The Court now denies Lively's motion.

Rule 26 governs the scope of discovery. "A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) (quoting *Night Hawk Ltd. v. Briarpatch Ltd, LP*, 2003 WL

23018833, at *8 (S.D.N.Y. Dec. 23, 2003)).

Lively has not demonstrated that Sourced Intelligence is likely to have nonprivileged information relevant to any claim in the underlying action, *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (S.D.N.Y. filed Dec. 31, 2024).  The basis for Lively's current request is that Sourced Intelligence was purportedly involved in an alleged online smear campaign against her in retaliation for her claims of discrimination.  *See* Dkt. No. 1-1 at 1; Dkt. No. 26 at 1.  Lively, however, has proffered no facts to support her suspicion that Sourced Intelligence was involved in the conduct she alleges to have been wrongful.  She states only that one of the "agents" who participated in the alleged smear campaign "may be" Sourced Intelligence, Dkt. No. 1-1 at 1, and that "Sourced Intelligence may have been engaged in the same type of online activity this Court has already held is not privileged or protected," Dkt. No. 26 at 1.  Mere speculation cannot support discovery.  *See Sanofi-Synthelabo v. Apotex Inc.*, 2009 WL 5247497, at *1 (S.D.N.Y. Dec. 30, 2009).

Lively further asserts that Sourced Intelligence was retained by counsel for the Wayfarer Parties for the benefit of the Wayfarer Parties and that Sourced Intelligence specializes in "reputation management" and "digital erasure."  Dkt. No. 1-1 at 8.  But Sourced Intelligence has submitted a sworn declaration from its founding partner that it was engaged by counsel for the Wayfarer Parties only in late 2024; that it was asked to perform "investigative services regarding certain persons or companies [it] understood to be connected" to the lawsuit Lively filed against the Wayfarer Parties; and that it prepared investigative background reports and provided those reports to counsel. Dkt. No. 1-11 ¶¶ 2, 5–6.  The founding partner specifically denies that Sourced Intelligence performed any services related to social media monitoring, influence operations, digital erasure or web monitoring, or that it performed any services connected to the

digital campaign alleged by Lively.  *Id.* ¶¶ 7–8; Dkt. No. 1-1 at 4, 24, 27.  Furthermore, the only Request for Production in the Subpoena directly targeted "at efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, facilitate or engage with Social Media" is Request No. 6, and Sourced Intelligence has represented that no documents responsive to that request exist.  Dkt. No. 1-1 at 23–24.

The motion to compel is accordingly denied.  The Clerk of Court is respectfully directed to close this matter.

SO ORDERED.

Dated: September 19, 2025
      New York, New York

                                          LEWIS J. LIMAN
                                    United States District Judge